**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**HAPPY STOMPINGBEAR**                                              **PLAINTIFF**
**ADC #651503**

**V.**                              **NO. 4:21-cv-00226-KGB-ERE**

**DEXTER PAYNE,** *et al.*                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker.
Mr. Stompingbear may file objections with the Clerk of Court if he disagrees with
the findings or conclusions set out in the Recommendation. Objections should be
specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr.
Stompingbear does not file objections, he risks waiving the right to appeal questions
of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation
without independently reviewing the record.

**II.    Discussion:**

Happy Stompingbear, an Arkansas Division of Correction (ADC) inmate,
filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983.
*Doc. 1.* Mr. Stompingbear paid the statutory filing fee in full. *Doc. 8.*

In his Complaint, Mr. Stompingbear claims that his First Amendment rights have been violated since his incarceration at the ADC. He complains that he is an "eclectic Pagan" and that ADC officials have denied him the tools necessary to practice his religion. *Doc. 1 at p.14.* He sues over 65 individual Defendants, the ADC, and Doe Defendants.

In an Order filed on April 21, 2021, the Court advised Mr. Stompingbear that he cannot raise every wrong that he has suffered during his incarceration in this one lawsuit. *Doc. 9.* Rather, Mr. Stompingbear may include only claims that are related—that is, claims arising from the same incident or occurrence. In addition, under the applicable statute of limitations, he may only raise claims arising from incidents that occurred within three years of the date the complaint was filed. See *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (applying three-year statute of limitations to § 1983 claim); *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991) (holding that the applicable statute of limitations period for a § 1983 claim in Arkansas is three years). The April 21 Order directed Mr. Stompingbear to file an amended complaint, complying with the directives in the Order, within thirty (30) days. *Doc. 9.*

On May 10, Mr. Stompingbear responded to the Court's April 21 Order directing him to file an amended complaint. *Doc. 10.* In his response, he asserted that the Arkansas savings statute applies to many of the claims raised in this case

and argued that he should be allowed to proceed on all claims against all Defendants. While the savings statute may apply to some claims, it will not save all claims that arose before March 22, 2018. In addition, whether a claim is timely does *not* address the problem of bringing unrelated claims in one lawsuit.

Accordingly, in its May 18 Order, the Court reminded Mr. Stompingbear of his obligation to file, by May 21, 2021, an amended complaint setting out related claims. *Doc. 11.* The Court specifically cautioned Mr. Stompingbear that if he failed to comply, it would recommend that his claims be dismissed, without prejudice,

On May 27, 2021, Mr. Stompingbear moved for additional time to file his amended complaint. *Doc. 12.* The Court granted Mr. Stompingbear's motion and extended the filing deadline for Mr. Stompingbear to file an amended complaint to June 29, 2021. *Doc. 13.*

To date, Mr. Stompingbear has not filed an amended complaint, and the time for doing so has passed.

### III.  **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff Happy Mr. Stompingbear's Complaint be DISMISSED, WITHOUT PREJUDICE, due to his failure to comply with the Court's Orders;

2.      Mr. Stompingbear's motion for preliminary injunctive relief *(Doc. 5)*

be DENIED, as moot.

DATED this 2nd day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE