IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAPPY STOMPINGBEAR**                                                                   **PLAINTIFF**
ADC #651503

v.                      Case No. 4:21-cv-00226-KGB

**DEXTER PAYNE,**
Director, Arkansas Division of Correction, *et al.*                     **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 15). Plaintiff Happy Stompingbear has filed objections to the Recommended Disposition (Dkt. No. 18). The Court also has pending before it Happy Stompingbear's motion for extension of time, motion to amend complaint, motion for copies, a second motion for extension of time, and a motion for status update (Dkt. Nos. 16, 17, 19, 20, 22). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 15). The Court denies as futile Happy Stompingbear's motion to amend complaint (Dkt. No. 17). The Court denies as moot Happy Stompingbear's motion for extension of time and second motion for extension of time (Dkt. Nos. 16, 20). With this Order, the Court grants Happy Stompingbear's motion for copies and motion for status update (Dkt. Nos. 19, 22).

    **I.**    **Background**

Happy Stompingbear, currently confined in the North Central Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 1). In the complaint, Happy Stompingbear claims, among other things, that ADC officials violated

Happy Stompingbear's First Amendment rights since Happy Stompingbear's incarceration at the ADC because ADC official have denied Happy Stompingbear the tools necessary to practice Happy Stompingbear's religion (*Id.*, at 14). Happy Stompingbear's complaint names over 65 individual defendants, the ADC, and Doe defendants (*Id.*).

In an Order filed April 21, 2021, the Court advised Happy Stompingbear that Happy Stompingbear cannot raise every wrong that Happy Stompingbear has suffered during incarceration in this one lawsuit (Dkt. No. 9). The Order directed Happy Stompingbear to file an amended complaint within 30 days limited to First Amendment claims that arose after March 22, 2018 (*Id.*, at 2). The Court warned Happy Stompingbear that a failure to comply with the Court's Order could result in the dismissal of some or all of Happy Stompingbear's claims without prejudice (*Id.* (citing Local Rule 5.5 of the United States District Court for the Eastern and Western Districts of Arkansas)).

Happy Stompingbear responded to the Order stating that Happy Stompingbear should be allowed to proceed on all claims against defendants because of "the saving statute" (Dkt. No. 10). In an Order dated May 18, 2021, the Court reminded Happy Stompingbear of Happy Stompingbear's obligation to file an amended complaint by May 21, 2021 (Dkt. No. 11). The Court cautioned Happy Stompingbear that, if Happy Stompingbear failed to comply, it would recommend that Happy Stompingbear's claims be dismissed without prejudice (*Id.*).

The Court granted Happy Stompingbear an extension of time to file an amended complaint until June 29, 2021 (Dkt. No. 13). As of July 2, 2021, Happy Stompingbear had not filed an amended complaint, and Judge Ervin entered her Recommended Disposition recommending that Happy Stompingbear's complaint be dismissed without prejudice for failure to comply with the Court's Orders (Dkt. No. 15, ¶ 1).

On the same day that Judge Ervin entered her Recommended Disposition, Happy Stompingbear filed a motion for extension of time requesting a 30-day extension of time to file Happy Stompingbear's amended complaint (Dkt. No. 16).  Happy Stompingbear filed a proposed amended complaint on July 12, 2021, which the Clerk filed as a motion to amend complaint (Dkt. No. 17).

II.   **Objections**

Happy Stompingbear objects to the Recommended Disposition because Happy Stompingbear filed a motion asking for a time extension and an amended complaint (Dkt. No. 18).  The Court has reviewed the proposed amended complaint (Dkt. No. 17).  The Court finds that the proposed amended complaint does not comply with the Court's Order to file an amended complaint "limited to [F]irst [A]mendment claims that arose after March 22, 2018," and so granting the motion to amend would be futile (Dkt. Nos. 9, at 2; 17).

In the proposed amended complaint, Happy Stompingbear names 50 defendants in both their official and personal capacities and asserts claims covering Happy Stompingbear's incarceration in multiple units of the ADC (Dkt. No. 17).  Happy Stompingbear seeks compensatory and punitive damages from each defendant as well as other relief (Dkt. No. 17, at 27-28).  Happy Stompingbear attaches grievances from as far back as October 2017 involving a variety of claims (Dkt. No. 17, at 29-165).  In the proposed amended complaint, Happy Stompingbear states that Happy Stompingbear does not "know how to answer" whether Happy Stompingbear has begun other lawsuits in state or federal court dealing with the same facts

involved in Happy Stompingbear's proposed amended complaint but states that "the Court is familiar" (*Id.*, at 9).[1]

While Happy Stompingbear's proposed amended complaint includes some claims that would fall within the Court's direction that Happy Stompingbear limit Happy Stompingbear's amended complaint to First Amendment claims arising after March 22, 2018, the proposed amended complaint also includes claims involving disputes from as early as October 2017 and Happy Stompingbear's work assignments, disciplinary actions, legal paperwork, and request to become a trans woman (Dkt. No. 17, at 11-28). Further, the proposed amended complaint includes claims of deliberate indifference to a serious medical condition and claims under the Religious Land Use and Institutionalized Persons Act (*Id.*). Happy Stompingbear's proposed amended complaint does not cure the deficiencies in the original complaint identified by the Court in its prior Orders (Dkt. No. 9). For these reasons, the Court denies as futile Happy Stompingbear's motion to amend Happy Stompingbear's complaint (Dkt. No. 17).

Upon a *de novo* review of the record, including the Recommended Disposition, the Court finds that Happy Stompingbear's objections fail to rebut the Recommended Disposition.

### III.   Conclusion

For these reasons, the Court adopts the Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 15). Therefore, it is ordered that:

1. The Court dismisses without prejudice Happy Stompingbear's complaint for failure to comply with the Court's Order (Dkt. No. 2);

---

[1] Happy Stompingbear has another case pending in this Court involving some of the same defendants alleging that ADC officials violated Happy Stompingbear's First Amendment rights because they did not permit Happy Stompingbear to practice Happy Stompingbear's religion and denied Happy Stompingbear tools for practicing Happy Stompingbear's religion. *See Stompingbear v. Kelley, et al.*, Case No. 4:18-cv-00827-KGB-ERE (E.D. Ark. Nov. 5, 2018).

2.	The Court denies as moot Happy Stompingbear's motion for extension of time to file Happy Stompingbear's objections with the Court, and the Court has considered the objections (Dkt. No. 16);

3.	The Court denies as futile Happy Stompingbear's motion to amend complaint (Dkt. No. 17);

4.	The Court grants Happy Stompingbear's motion for copies and directs the Clerk of Court to send to Happy Stompingbear, along with a copy of this Order and Judgment, a copy of the docket sheet and copies of docket entries 106, 124, 171, and 174 (Dkt. No. 19);

5.	The Court denies as moot Happy Stompingbear's motion for extension of time filed as a precaution (Dkt. No. 20);

6.	The Court grants Happy Stompingbear's motion for status update and provides this update (Dkt. No. 22); and

7.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered, this 28th day of February, 2022.

Kristine G. Baker
United States District Judge